UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| POLY-AMERICA, L.P., | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. |
| VS. | ) |
| | ) 3:07-CV-0092-G |
| STEGO INDUSTRIES, L.L.C., | ) |
| | ) **ECF** |
| Defendant. | ) |

# MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant Stego Industries, LLC ("Stego") to dismiss the claims of the plaintiff Poly-America, L.P. ("Poly-America") for lack of subject matter jurisdiction and for failure to plead fraud with particularity. For the reasons discussed below, Stego's motion to dismiss for lack of subject matter jurisdiction is granted, and its motion to dismiss for failure to plead fraud with particularity is denied as moot.

## I. BACKGROUND

Poly-America, a limited partnership with its principal place of business in Grand Prairie, Texas, is organized under the laws of the State of Texas. Second

Amended Complaint for Declaratory Judgment ("Complaint") ¶ 1. Poly-America designs, manufactures, and sells a wide range of plastics products. *Id*.

Stego, a limited liability company with its principal place of business in San Juan Capistrano, California, is organized under the laws of the State of Washington. *Id*. ¶ 2. Stego designs, develops, produces, and distributes high performance geo-membrane materials used in various construction related applications. *Id*. ¶ 3; Defendant's Motion to Dismiss Second Amended Complaint for Lack of Subject Matter Jurisdiction and Failure to Plead Fraud Allegations with Particularity ("Motion") at 1.

In 1998, Stego introduced and began to market a yellow plastic sheeting ("plastic sheeting") used in the construction industry as a vapor barrier and vapor retarder. *Id*. at 2. On April 8, 2002, Stego applied for, and was eventually granted, a federally registered trademark (Reg. No. 2,790,352) for the plastic sheeting. *Id*.

At the end of 2006, Stego was informed that Poly-America might begin selling a competing yellow vapor barrier product. *Id*. Poly-America determined that this action may infringe Stego's trademark. *Id*. Stego subsequently sent a letter notifying Poly-America of Stego's trademark rights. *Id*.; *see also* Letter from Lee E. Johnson to Poly-America President dated January 3, 2007 ("the Letter"), *attached to* Motion as Exhibit 2.

In response, on January 16, 2007, Poly-America filed the instant action seeking a declaratory judgment. On September 11, 1007, Poly-America amended its complaint seeking a declaratory judgment that (1) Poly-America did not infringe Stego's trademark; (2) Stego's trademark is not registrable; (3) Stego owns no trade dress rights in the color yellow pursuant to § 43 of the Lanham Act; and (4) Stego is liable for unfair competition for making false or fraudulent declarations or representations in obtaining its trademark. *See generally* Complaint.

On September 25, 2007, Stego moved to dismiss Poly-America's claims against it for lack of subject matter jurisdiction and for failure to plead fraud with particularity. *See generally* Motion. Stego claims that Poly-America prematurely filed this action before an actual controversy existed, which it claims strips the court of subject matter jurisdiction. *Id*. at 2-6. Even if a controversy exists, Stego contends, this court should decline to exercise jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201. *Id*. at 4-5. Stego further avers that Poly-America's unfair competition claim should be dismissed because Poly-America has failed to plead fraud with particularity. *Id*. at 7-9.

## II. ANALYSIS

### 1. Rule 12(b)(1) Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes the dismissal of a case for lack of jurisdiction over the subject matter. *See* FED. R. CIV. P. 12(b)(1).

A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction must be considered before any other challenge because "the court must find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (internal citation omitted); see also *Ruhrgras A.F. v. Marathon Oil Company*, 526 U.S. 574, 577 (1999) ("The requirement that jurisdiction be established as a treshold matter . . . is inflexible and without exception") (citation and internal quotation marks omitted). On a Rule 12(b)(1) motion, which "concerns the court's 'very power to hear the case . . . [,] the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *MDPhysicians & Associates, Inc. v. State Board of Insurance*, 957 F.2d 178, 181 (5th Cir.) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)), *cert. denied*, 506 U.S. 861 (1992).

In ruling on a motion to dismiss under Rule 12(b)(1) motion, the court may rely on: "1) the complaint alone; 2) the complaint supplemented by undisputed facts; or 3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts." *MCG, Inc. v. Great Western Energy Corporation*, 896 F.2d 170, 176 (5th Cir. 1990) (citing *Williamson*, 645 F.2d at 413). A party who believes jurisdiction is lacking may challenge the court's authority to decide the case by filing a motion to dismiss pursuant to Rule 12(b)(1). Once jurisdiction is challenged, the burden rests upon the party seeking to invoke the court's jurisdiction to prove that

jurisdiction is proper. *Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 516 U.S. 1071 (1996). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Stockman v. Federal Election Commission*, 138 F.3d 144, 151 (5th Cir. 1998) (internal quotations omitted).

2.  Declaratory Judgment

The Declaratory Judgment Act allows federal courts the opportunity to "declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a). A declaratory judgment is often sought before a completed injury-in-fact has occurred, *United Transportation Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000), and often contemplates an "*ex ante* determination of rights." *Rhode Island v. Narragansett Indian Tribe*, 19 F.3d 685, 692 (1st Cir.) (quoting *Step-Saver Data Systems, Inc. v. Wyse Technology*, 912 F.2d 643, 647 (3d Cir. 1990)), *cert. denied*, 513 U.S. 919 (1994). However, the Declaratory Judgment Act does not extend the subject matter jurisdiction of the court beyond the limits delineated in Article III of the United States Constitution. *Skelly Oil Company v. Phillips Petroleum Company*, 339 U.S. 667, 671 (1950); see also *Okpalobi v. Foster*, 244 F.3d 405, 434 (5th Cir. 2001) (en banc) ("[T]he Declaratory Judgment Act does not itself grant federal jurisdiction."). Declaratory judgments "still must be limited to the resolution of an 'actual controversy.'" *United Transportation*, 205 F.3d at 857 (citing

*Aetna Life Insurance Company v. Haworth*, 300 U.S. 227, 239-40 (1937)); see also *Standard Fire Insurance Company v. Sassin*, 894 F. Supp. 1023, 1026 (N.D. Tex. 1995) ("The Declaratory Judgment Act does not exempt federal district courts from the constitutional requirement that there be an actual controversy between the parties.").

The Supreme Court has held that the Declaratory Judgment Act grants discretion to district courts rather than an absolute right to a litigant. *Wilton v. Seven Falls Company*, 515 U.S. 277, 288 (1995) ("By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants."); see also *Sherwin-Williams Company v. Holmes County*, 343 F.3d 383, 389 (5th Cir. 2003). The Fifth Circuit has outlined the three steps a district court must follow to determine whether to decide or dismiss a declaratory judgment case: first, the district court must determine whether the declaratory action is justiciable; second, the district court must determine whether it has the authority to grant declaratory relief; and, third, the court must determine whether to exercise its discretion to decide or dismiss the action. *Sherwin-Williams*, 343 F.3d at 387.

While there is no mechanistic process to determine whether an "actual controversy" exists in a declaratory judgment action, the Supreme Court has clearly instructed that "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having

adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Company v. Pacific Coal & Oil Company*, 312 U.S. 270, 273 (1941); see also *GTE Sylvania, Inc. v. Consumers Union of the United States, Inc.*, 445 U.S. 375, 382 (1980) (stating that Article III's case-or-controversy requirement limits "federal courts to questions presented in an adversary context . . . .") (citation and internal quotation marks omitted). Further, the controversy "must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop." *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989) (quoting *Brown & Root, Inc. v. Big Rock Corporation*, 383 F.2d 662, 665 (5th Cir. 1967)); see also *C&H Nationwide, Inc. v. Norwest Bank Texas NA*, 208 F.3d 490, 493 (5th Cir. 2000) ("Federal courts are not in the business of rendering advisory opinions.").

Stego asserts that Poly-America filed its action for declaratory judgment prior to any actual controversy between the parties, and prior to any notice that Stego would take legal action against Poly-America. Motion at 3. Specifically, Stego avers that "[t]he letter on which Poly-America based this action is nothing more than an invitation to enter into discussions to avoid unnecessary legal actions." *Id*. Thus, Stego argues, Poly-America's declaratory action should be dismissed since no actual

controversy existed between the parties as to the alleged infringement of Stego's trademark when Poly-America filed this action. *Id*. at 4.

Article III jurisdiction may be met where the patentee takes a position that puts the declaratory judgment plaintiff in the position of either pursuing arguably illegal behavior or abandoning that which it claims the right to do. *SanDisk Corporation v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007). It follows that where a trademark holder asserts rights under a trademark based on certain identified ongoing or planned activity of another party, and where that party contends it has the right to engage in the accused activity without a license, an Article III case or controversy will arise and the party need not risk a suit for infringement by engaging in the identified activity before seeking a declaration of its legal rights. See *id*.

However, Poly-America must first expressly claim it has the right to produce its plastic sheeting without a license prior to initiating this action. See *id*. Rather than contending that it had the right to produce the yellow plastic sheeting, Poly-America merely initiated this action for declaratory judgment. Thus, because Poly-America has not presented an actual controversy, the court lacks subject matter jurisdiction over its claims under the Declaratory Judgment Act. See *id*.; *Standard Fire Insurance*, 894 F. Supp. at 1026 ("If there is no actual controversy between the parties, the

district court lacks subject matter jurisdiction . . . ."). Accordingly, Poly-America's claims are dismissed for lack of subject matter jurisdiction.

### III. CONCLUSION

For the reasons stated above, Stego's motion to dismiss Poly-America's claims for lack of subject matter jurisdiction is **GRANTED**. Stego's motion to dismiss for failure to plead fraud with particularity is **DENIED** as moot.

**SO ORDERED**.

November 19, 2008.

_____
**A. JOE FISH**
**Senior United States District Judge**